UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEROY ISOM HOWARD,

Petitioner,

vs. Case No. 2:11-cv-298-FtM-29DNF
Case No. 2:08-cr-66-FtM-29DNF

UNITED STATES OF AMERICA,

Respondent.

___________________________________

**OPINION AND ORDER**

This matter comes before the Court on petitioner Leroy Isom Howard's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #147)[1] filed on May 17, 2011. Petitioner filed a Sworn Declaration (Cv. Doc. #7) on June 17, 2011. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #8) on July 28, 2011. Petitioner thereafter filed a Reply (Cv. Doc. #9) on August 12, 2011. For the reasons set forth below, the motion is denied.

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc." When citing transcripts, the Court will refer to the page number assigned by CM/ECF and not the page number in the right-hand corner of the transcript itself.

**I.**

On May 7, 2008, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) against Leroy Isom Howard (hereinafter "petitioner" or Howard), Willie James Powell (Powell), and James Marquis Quarterman (Quarterman). In Count One, all defendants were charged with distribution of an unspecified amount of cocaine base on or about April 15, 2008, and in Count Two all defendants were charged with possession with intent to distribute five grams or more of cocaine base on or about the same date. Defendant Powell died prior to trial. (Cr. Docs. ## 47, 49.) The government filed a Notice of Intention to Use Defendant's Prior Conviction to Enhance the Penalty for Count One and Two of the Indictment as to each remaining defendant (Cr. Docs. ## 64, 68) pursuant to 21 U.S.C. § 851, which increased the statutory maximum penalties due to defendants' prior felony drug convictions. Both defendants were found guilty of both counts by a jury. (Cr. Docs. ## 96, 97.)

On March 16, 2009, the Court sentenced petitioner to concurrent terms of one hundred twenty (120) months imprisonment as to each count, to be followed by one hundred twenty (120) months of supervised release. (Cr. Docs. ## 106, 109.) Defendant Quarterman was sentenced to concurrent terms of one hundred twenty-five (125) months imprisonment as to each count, followed by 120 months of supervised release. (Cr. Doc. #108.)

Both defendants, through separate counsel, filed a Notice of Appeal (Cr. Docs. ## 110, 111). On April 8, 2010, the Eleventh Circuit Court of Appeals affirmed the convictions and sentences of each defendant. (Cr. Doc. #145.) On appeal, appellate counsel challenged Howard's mandatory-minimum sentence. United States v. Howard, 373 F. App'x 21, 26 (11th Cir. 2010). Petitioner Howard timely filed his § 2255 motion (Cv. Doc. #1; Cr. Doc. #147) on May 17, 2011.

**II.**

Because petitioner is proceeding *pro se*, his pleadings will be liberally construed by the Court. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). Read liberally, petitioner's § 2255 motion sets forth the following claims: (1) Trial counsel provided ineffective assistance by failing to present a "mere presence" defense during trial; (2) appellate counsel provided ineffective assistance by failing to raise a sufficiency of the evidence issue based upon "mere presence"; (3) trial counsel provided ineffective assistance by failing to exploit the audio and video recordings of the transaction made by the government, which established petitioner's actual innocence due to his mere presence at the scene; (4) trial counsel provided ineffective assistance by failing to properly convey the government's plea offer to petitioner prior to trial and for misadvising petitioner regarding the conditions and consequences of pleading guilty; (5) trial

counsel provided ineffective assistance by failing to be familiar with the laws regarding sentencing exposure faced by petitioner if he pled guilty instead of proceeding to trial; (6) trial counsel provided ineffective assistance by failing to request severance of trial from co-defendant Quarterman; (7) trial counsel provided ineffective assistance by conceding co-defendant Quarterman's guilt which essentially conceded petitioner's guilt; (8) trial counsel provided ineffective assistance by failing to correct the perjured testimony of Fort Myers Police Officer Forbes; and (9) appellate counsel was ineffective for failing to appeal the government's use of perjured testimony.

**A. Evidentiary Hearing**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . " 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir.

2008). Here, when viewing the facts and the record in a light most favorable to petitioner, petitioner has failed to establish his entitlement to relief. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

**B. Ineffective Assistance of Counsel Principles**

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). A court need not address both prongs of the Strickland test, however, if a petitioner makes an insufficient showing as to either prong. Dingle v. Sec'y for the Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct.

13, 17 (2009)), cert. denied, 131 S. Ct. 177 (2010). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in

the outcome." Strickland, 466 U.S. at 694.

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**C. Specific Claims**

For the reasons set forth below, the Court finds that the claims raised by petitioner are without merit. Therefore, his § 2255 motion is denied.

**(1) "Mere Presence" Related Claims**

Petitioner essentially raises three claims relating to the "mere presence" issue: Petitioner contends that (a) trial counsel was ineffective for failing to raise a "mere presence" defense during the course of trial; (b) trial counsel failed to exploit the audio and video recordings of the transaction, which showed his mere presence and therefore established his actual innocence of the crimes; and (c) appellate counsel failed to argue there was

insufficient evidence based upon a mere presence theory. The record establishes that all three claims are without merit.

Contrary to petitioner's claim, his trial counsel did present a "mere presence" defense, and did extensively utilize the audio and videotapes to support that defense. Petitioner's counsel's began with "[n]othing that the Goverment will show you, be it through testimony, physical evidence, or a video, will change the fact that my client is not guilty of anything in this case." (Cr. Doc. #126, p. 29.) Counsel stated that Howard was on a bicycle riding up to the house, but that he did not live there and no evidence could be associated to Howard in any way. (Id., p. 30.) Petitioner's counsel cross-examined Edward Quinn of the Fort Myers Police Department, who responded in the affirmative that Howard was "a hundred yards, a football field away from the house. . .[where] the alleged drug sale went down" (Id., p. 85.) Petitioner's counsel's cross-examined the undercover officer, Michael Forbes of the Fort Myers Police Department, to establish that Howard was on a bike riding towards the house, not from the house (id., pp. 173-174); when Forbes asked Howard if he was selling drugs, the response was "I don't know" but not an affirmative response (id., p. 180); when Forbes asked about the crack cocaine, Powell, as the "money man", interjected and took over the conversation (id., p. 180); that Howard handed Powell money the same way that the undercover officer did to make his own purchase (id., pp. 186,

195); and that Forbes and Howard just happened to show up at the exact same time (id., pp. 202-203). Petitioner's counsel moved for a judgment of acquittal based on insufficient evidence that petitioner committed a crime. (Id. at 254; Cr. Doc. #127, pp. 45-46.) In closing argument, defense counsel argued that petitioner was merely present at the scene at the same time as the undercover officer, that he was riding his bike alone towards the house, and specifically referenced the mere presence jury instruction to be given by the court. (Cr. Doc. #127, pp. 82, 88, 104.)

Thus, the record refutes petitioner's claims of ineffective assistance of trial counsel as relates to the mere presence issues, and appellate counsel was not ineffective for failing to raise a meritless issue.

**(2) Failure to Properly Convey and Advise of Plea Offer**

Petitioner contends that his trial counsel provided ineffective assistance by misadvising petitioner as to the conditions and consequences of pleading guilty, as opposed to proceeding to trial. Petitioner alleges that he was told by counsel that he had to cooperate against his co-defendant in order to plead guilty, and that a guilty plea would result in the same potential ten year sentence as if he went to trial and was convicted. Petitioner asserts he has recently learned he did not have to cooperate to plead guilty, and that had he pled guilty prior to the government's 21 U.S.C. § 851 Notice being filed, he

would have received a sentence far less than 10 years. Petitioner claims that even if he pled guilty after the government's filing of the Notice, he still would have received a lesser sentence than what he is currently serving. Petitioner asserts that he should have been advised that "(1) he did not have to cooperate in order to plead guilty; (2) a guilty plea would not have resulted in the same sentence faced after proceeding to trial and losing; and (3) a guilty plea would have resulted in a lesser sentence than that faced from proceeding to trial and being convicted. . . ." (Cv. Doc. #1, p. 8.) Petitioner also asserts his trial attorney was ineffective because he was not familiar with the laws regarding different sentencing issues for if he pled guilty or if he went to trial.

It is certainly true that a criminal defendant has a Sixth Amendment right to effective assistance of counsel during plea discussions with the government, Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012), and has a Sixth Amendment right to have formal plea offers from the government communicated accurately by counsel. Frye, 132 S. Ct. at 1408. A defendant has no constitutional right, however, to receive a plea offer from the government. Weatherford v. Bursey, 429 U.S. 545, 560-61 (1977); United States v. Pleasant, 730 F.2d 657, 664 (11th Cir. 1984). An offer by the government for a guilty plea can include the requirement that defendant testify against a co-

defendant, and a defendant has no right to insist on a plea offer without agreeing to comply with the obligation to testify. Therefore, defense counsel did not provide incorrect advise by telling defendant that a government offer, which included a cooperation requirement, would require such cooperation.

A criminal defendant can plead guilty to all charges without a plea agreement with the government, thus skirting the obligation to cooperate. This option was not available to petitioner, however, because petitioner always maintained he was not guilty because he was not involved in the charged transactions. Indeed, the Sworn Declaration of Petitioner (Cv. Doc. #7) states that "I was merely present at the residence where the underlying drug transaction took place, and did not have any participation, role, and/or hand in the execution of the drug transaction." (Cv. Doc. #7, ¶ 2.) As the court cannot accept a guilty plea from a defendant without a factual basis as to why he is guilty, this argument is without merit. Fed. R. Crim. P. 11(b)(3).

Finally, without cooperation by petitioner, the sentence would have had the same statutory mandatory minimum whether defendant pled guilty or was convicted at trial. Prior to the October 1, 2008 filing of the Section 851 Notice (Cr. Doc. #68), petitioner steadfastly maintained his innocence. After the § 851 Notice was filed, the statutory mandatory minimum was ten years imprisonment. See 21 U.S.C. § 841(b)(1)(B). "It is well-settled that a district

court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v. Castaing-Sosa, 530 F.3d 1358, 1360-61 (11th Cir. 2008)(citing United States v. Clark, 274 F.3d 1325, 1328 (11th Cir. 2001); United States v. Simpson, 228 F.3d 1294, 1302-03 (11th Cir. 2000)). Petitioner refused to cooperate, and therefore was not eligible for a substantial assistance motion even if he had pled guilty. Additionally, petitioner did not qualify for the safety-valve relief because of his several prior drug felony convictions. 18 U.S.C. § 3553(f)(1).

The Court finds that the record establishes no ineffective assistance of counsel in connection with any plea offers. The Petition is denied as to these grounds.

**(3) Failure to Request Severance**

Petitioner contends that trial counsel was ineffective for failing to request a severance from co-defendant Quarterman. Petitioner argues that a severance was necessary because of Quarterman's antagonistic defenses and petitioner's desire to call Quarterman to testify regarding petitioner's mere presence at the location of the alleged drug transaction. Petitioner also asserts that Quarterman was previously arrested and federally prosecuted for similar acts, and thus more of a "harm to societal interests",

which prejudiced petitioner. (Cv. Doc. #1, p. 7.)

Defendants alleged to have participated in the same act or transaction constituting an offense are usually tried together. Fed. R. Crim. P. 8; United States v. Lopez, 649 F.3d 1222, 1233 (11th Cir. 2011). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537(1993); Lopez, 649 F.3d at 1233. However, a severance of defendants for trial may be granted if the joinder may prejudice a defendant. Fed. R. Crim. P. 14. A defendant seeking a severance must carry the 'heavy burden' of demonstrating the 'compelling prejudice' that would result from a joint trial. United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007)(citations omitted). Severance is not required just because co-defendants have conflicting defenses. See Zafiro, 506 U.S. at 538 ("Mutually antagonistic defenses are not prejudicial per se.") "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

Petitioner and co-defendant Quarterman were jointly indicted for participating in common drug transactions on or about April 15, 2008. (Cr. Doc. #1.) Defendants were properly joined under Rule

8, and the issue becomes whether counsel was ineffective for failing to seek a severance under Rule 14.

Petitioner's counsel argued that Howard was not involved in any transaction with the undercover officer and the other defendants, and that there was no proof he was given the drugs by Quarterman to hand to the undercover officer. (Cr. Doc. #127, pp. 83-86.) Quarterman's counsel presented the defense that there was insufficient evidence to convict petitioner (id., pp. 71-72), and that petitioner was not guilty of the charged offenses even if the jury found that his client was knowingly in the presence of drugs (id., p. 69). The Court concludes that the defenses and arguments presented were not so antagonistic to one another as to create undue, compelling prejudice to either defendant. Therefore, there was no ineffective assistance of counsel for failing to seek severance.

Petitioner further alleges that he would have had co-defendant Quarterman testify on his behalf had a severance been granted. However, "[w]here a defendant argues for severance on the ground that it will permit the exculpatory testimony of a co-defendant, he 'must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial.'" United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999)(citations omitted).

Petitioner does not satisfy these requirements. Petitioner simply alleges that he would have called Quarterman to testify that Petitioner was merely present at the scene of the alleged drug transaction, and that the undercover officer who visited the residence to purchase drugs testified falsely about Petitioner's approach to the residence. (Cv. Doc. #1; p. 7.) This conclusory statement is simply insufficient to justify a severance. See, e.g., United States v. Smith, 918 F.2d 1551, 1561 (11th Cir. 1990)(District court did not abuse its discretion in denying severance motion as to one defendant where motion for severance and accompanying affidavit failed to specify which co-defendants' testimony would exonerate defendant, the substance of such testimony, the exculpatory nature and effect of the testimony, or whether the co-defendant would testify if severance were granted). Therefore, petitioner's counsel was not ineffective for failing to seek a severance based on co-defendant's potential testimony, especially in light of Quarterman's Sworn Declaration (Case No. 2:11-cv-299-FTM-29DNF, Doc. #7) that he was also only "merely present" at the residence and the argument that he would have called Howard to testify on his behalf (id., Doc. #1, p. 7).

**(4) Failure to Correct Testimony of Forbes**

Petitioner argues that trial counsel provided ineffective assistance by failing to correct the perjured testimony of Fort Myers Police Officer Forbes that Howard "approached the residence

on a bicycle from a westward direction, leading to the false testimony that the Petitioner actually turned his bicycle around to inquire of Officer Forbes as to what his narcotic order was, and/or verifying that there was actually narcotics for sale at the residence." (Cv. Doc. #1, p. 5.) Petitioner further argues that counsel failed to argue that Howard was a crack cocaine user and that he frequently visited the residence to purchase crack cocaine for his own personal use. Petitioner also argues that appellate counsel was ineffective for failing to appeal the government's use of perjured testimony.

The prosecution's knowing use of material false evidence, or permitting perjured testimony to go uncorrected after learning of its falsity, violates due process. Williams v. Griswald, 743 F.2d 1533, 1541 (11th Cir. 1984)(citing Giglio v. United States, 405 U.S. 150, 153 (1972))(citations omitted). To show a Giglio violation, Petitioner must point to specific facts establishing that the testimony was used by the government, false, known to be false, and material to the guilt or innocence of Petitioner. Williams, 743 F.2d at 1542. Even construed liberally and under the less stringent standards of habeas review, id., the Court finds that Petitioner fails to meet this burden. Other than the accusation that Forbes falsely testified because Petitioner disagrees with the testimony, Howard fails to show that the testimony was false or known to be false by the government. During

his direct examination, Forbes testified that he noticed Howard "riding a bike towards me in an eastern bound direction." (Cr. Doc. #126, p. 96.) Forbes testified that Howard approached Quarterman to retrieve some crack cocaine from him, id., p. 99, and provided money that he had in his hand when he walked up and gave it to Powell, id., p. 101. Forbes further testified that Howard arrived on a bike, id., p. 123, and he was overheard walking over to Quarterman to request an amount of crack cocaine which didn't appear to be consistent with the quantity requested by Forbes undercover, id., p. 124. Additionally, trial counsel specifically cross-examined Forbes regarding Howard's arrival on his bicycle towards the house, and elicited testimony that Howard did not turn around as if he was coming from the house. (Cr. Doc. #126, pp. 173-174, 177-178.) Counsel also stated this during his closing arguments, and implied that Forbes was wrong. (Cr. Doc. #127, pp. 82, 86, 88.) Therefore, the Court finds that trial counsel was not ineffective as to the issue of mere presence because no perjury or false testimony was established, and the elicited testimony on cross-examination was actually consistent with the argument of mere presence on the scene. The Court further finds that appellate counsel was not ineffective for raising a nonmeritorious argument.

As to Petitioner's argument that trial counsel failed to argue that Howard was a user making a purchase, the record bellies any such claim. Counsel cross-examined Forbes about how Howard was

there merely purchasing narcotics, and counsel reiterated during closing arguments that Howard was simply there at the same time to make his own purchase, and it was Howard's "terrible dumb luck." (Cr. Doc. #126, pp. 186, 194-196, 202-203; Cr. Doc. #127, pp. 89-90, 95, 97, 102, 106.) The Court finds no ineffective assistance of counsel was provided as to this argument.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this 11th day of July, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Petitioner
Counsel of record